UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ROTHMAN, | : |
| Plaintiff, | : |
| | : |
| | : **CIVIL ACTION** |
| v. | : |
| | : CASE NO. 2:23-cv-01263 |
| THE VANGUARD GROUP, INC., | : |
| Defendant. | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |

**DEFENDANT'S ANSWER AND DEFENSES IN RESPONSE TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant The Vanguard Group, Inc. ("Vanguard"), by and through its undersigned counsel, hereby submits its Answer and Defenses in Response to the Amended Complaint filed by Plaintiff Joseph Rothman ("Plaintiff") in accordance with the numbered Paragraphs thereof as follows:[1]

---

[1]  Plaintiff's "Preliminary Statement" does not require a responsive pleading; however, Vanguard denies that it engaged in any unlawful conduct. Contrary to Plaintiff's allegations, all actions taken by Defendant with respect to Plaintiff were taken in good faith, without any discriminatory motive, and for legitimate reasons. Defendant further denies that Plaintiff is entitled to any of the damages or relief he seeks.

## PARTIES

1.    Defendant admits only that its personnel records reflect this as a residence for Plaintiff, but Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence and, therefore, the remaining allegations in Paragraph 1 are denied.

2.    Admitted.

3.    Admitted.

4.    Vanguard's website is a written document that speaks for itself, and, therefore, Defendant denies the allegation to the extent it is inconsistent with that website.

5.    Admitted.[2]

6.    Admitted.

7.    The allegations in Paragraph 7 state conclusions of law to which no responsive pleading is required.

## JURISDICTION AND VENUE

8.    Admitted.

---

[2] In response to footnote 3, Vanguard admits only that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  Vanguard disputes that Plaintiff has any viable claims under the Pennsylvania Human Relations Act.

9.      Defendant admits that Plaintiff purports to bring claims under the Age Discrimination in Employment Act, 29 U.S.C. § 626(c) (the "ADEA").  Contrary to Plaintiff's allegations, all actions taken by Defendant with respect to Plaintiff were taken in good faith, without any discriminatory motive, and for legitimate reasons.

10.     Defendant admits that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-2, 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Contrary to Plaintiff's allegations, all actions taken by Defendant with respect to Plaintiff were taken in good faith, without any discriminatory motive, and for legitimate reasons.

11.     Admitted.

12.     Defendant admits only that this a permissible venue; however, it denies that this is the appropriate venue as explained in its pending Motion to Transfer Venue, Dkt. No. 10.

13.     Defendant admits only that this a permissible venue; however, it denies that this is the appropriate venue as explained in its pending Motion to Transfer Venue, Dkt. No. 10.

14.     Admitted.

15.     Admitted.

16.     Admitted.

## FACTUAL BACKGROUND

17.    Defendant admits only that Plaintiff joined Vanguard in 2005. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 17 and, therefore, denies the same.

18.    Admitted.

19.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 19 and, therefore, denies the same.

20.    Admitted.

21.    Defendant admits only that Plaintiff's role focused on healthcare finance.  Defendant denies the remaining allegations in Paragraph 21.

22.    Denied.

23.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 23 and, therefore, denies the same.

24.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 24 and, therefore, denies the same.

25.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 25 and, therefore, denies the same.

26.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 26 (and the corresponding footnote 4) and, therefore, denies the same.

27.    Denied.

28.    Defendant denies that it had a "corporate culture" that was not inclusive of its employees' religion(s).  Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 28 and, therefore, denies the same.

29.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 29 and, therefore, denies the same.

30.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 30 and, therefore, denies the same.

31.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 31 and, therefore, denies the same.

32.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 32 and, therefore, denies the same.

33.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 33 and, therefore, denies the same.

34.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 34 and, therefore, denies the same.

35.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 35 and, therefore, denies the same.

36.    Defendant lacks information or knowledge sufficient to form a belief as to "Levine's concerns" and, therefore, denies the allegations in Paragraph 36.

37.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 37 and, therefore, denies the same.

38.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 38 and, therefore, denies the same.

39.    Defendant lacks information or knowledge sufficient to form a belief as to Levine's beliefs and, therefore, denies the allegations in Paragraph 39.

40.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 40 and, therefore, denies the same.

41.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 41 and, therefore, denies the same.

42.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 42 and, therefore, denies the same.

43.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 43 and, therefore, denies the same.

44.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 44 and, therefore, denies the same.

45.    Defendant denies Plaintiff's allegations regarding its "culture." Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 45 and, therefore, denies the same.

46.    Defendant admits only that Vanguard offered Plaintiff the opportunity to relocate to its Arizona office location.  Defendant denies the remaining allegations in Paragraph 46.

47.    Defendant admits only that Plaintiff relocated to Arizona in 2017. Defendant denies the remaining allegations of Paragraph 47.

48.    Defendant lacks information or knowledge sufficient to form a belief as to what motivates Plaintiff or how he approaches "his roles" and, therefore, denies the allegations in Paragraph 48.

49.    Defendant denies that Plaintiff "regularly" mentored and supported his colleagues.  Defendant admits only that, as was expected in his role, Plaintiff worked as part of a team and, at times, assisted other team members.

50.    Denied.

51.    Denied as stated.  By way of further response, as part of his role, Plaintiff worked as part of a team and, at times, assisted other team members.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's expectations and beliefs and, therefore, denies the allegations in Paragraph 57.

58.    Denied.

59.    Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's feelings and, therefore, denies the allegations in Paragraph 59.

60.    Denied.

61.    Denied.

62.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 62 and, therefore, denies the same.

63.    Denied.

64.    Defendant admits only that Plaintiff was supervised by David Thorkelson ("Thorkelson") and Nathan Will ("Will").   Defendant denies the remaining allegations in Paragraph 64.

65.    Defendant admits only that Will had previously worked in Vanguard's legal department.  Defendant denies the remaining allegations in Paragraph 65.

66.    Defendant lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 66 and, therefore, denies the same.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Defendant admits only that Defendant hired Thorkelson in December 2017.  Defendant denies the remaining allegations in Paragraph 70.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied as stated.  By way of further response, Will is 48 years old and Thorkelson is 44 years old.

75.    Denied.

76.    Defendant admits only that Plaintiff received an "Off Course" rating and later a "Fully Successful" rating.  Defendant denies the remaining allegations in Paragraph 76.

77.    Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's feelings and, therefore, denies the allegations in Paragraph 77.

78.    Denied.

79.    Denied.

80.    A LinkedIn profile is a written document that speaks for itself, and, therefore, Defendant denies the representations and allegations in Paragraph 80 to the extent inconsistent with that profile.

81.    Defendant denies that Plaintiff was exceptionally good at mentoring younger people.  Defendant lacks information or knowledge to form a belief as to the remaining allegations in Paragraph 81 and, therefore, denies the same.

82.    Denied.

83.    Defendant admits only that, as was expected in his role, Plaintiff worked as part of a team and, at times, assisted other team members.  Defendant denies the remaining allegations in Paragraph 83.

84.    Defendant admits only that, as was expected in his role, Plaintiff worked as part of a team and, at times, assisted other team members.  Defendant denies the remaining allegations in Paragraph 84.

85.    Denied.

86.    Defendant lacks information or knowledge to form a belief as to the allegations in Paragraph 86 and, therefore, denies the same.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Defendant admits only that Plaintiff acted unprofessionally on a virtual meeting in mid-2020.  Defendant denies the remaining allegations in Paragraph 92.

93.    Denied.

94.    Denied as stated.  Defendant admits only that while Plaintiff was traveling in Pennsylvania, he met with Will, Thorkelson, and Paul Malloy ("Malloy").  Defendant denies the remaining allegations in Paragraph 94.

95.    Denied as stated.  Defendant admits only that Will and Plaintiff discussed that Plaintiff was not performing at a level expected of him and relative to the performance of his team.

96.    Denied as stated.  By way of further response, Will informed Plaintiff there were multiple performance metrics that he was not meeting.

97.    Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's "understanding" and, therefore, denies the allegations in Paragraph 97.

98.    Denied.

99.    Defendant admits only that Thorkelson reported to Will; Will reported to Malloy; and Malloy reported to Sara Devereux.  Defendant denies the remaining allegations in Paragraph 99, including footnote 7.

100.    Denied.

101. Denied.

102. Denied.

103. Denied.

104. Defendant denies that Plaintiff was excluded from opportunities relevant to his job performance.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's "understanding" and, therefore, denies the allegations in Paragraph 110 and specifically denies that Will had bias toward Plaintiff.

111. Denied.

112. Denied as stated. Defendant denies that any decision relating to Plaintiff's bonus compensation was a result of unlawful bias.

113. Denied.

114. Denied.

115. Denied.

116. Admitted.

117.    Defendant responds to the allegations in Paragraph 117 as follows:

       a.    Admitted.

       b.    Admitted.

       c.    Denied.

       d.    Defendant admits only that this reflects part of the conversation.

       e.    Denied as stated.  By further response, Plaintiff invited Isaac Solbach ("Solbach") to come to Plaintiff's home to conduct business.

       f.    Denied as stated.  By way of further response, Molly (Bordeaux) Gosse ("Gosse") informed Plaintiff that the invitation was unprofessional.

       g.    Denied.

118.    Defendant admits only that Plaintiff subsequently approached Solbach in the parking lot.  Defendant denies the remaining allegations in Paragraph 118.

119.    Defendant admits only that John Carbone ("Carbone") instructed Plaintiff not to speak with Solbach or the other intern in the group pending the results of an internal investigation.   Defendant denies the remaining allegations in Paragraph 119.

120.    Admitted.

121.    Denied as stated.  By way of further response, Carbone stated that he had spoken with Gosse.

122.   Denied as stated.  By way of further response, Carbone informed Plaintiff that he did not need to discuss the matter because crew relations was investigating the matter.

123.   Defendant admits only that Plaintiff did not discuss the interaction with Solbach.  Defendant denies the remaining allegations of Paragraph 123.

124.   Admitted.

125.   Admitted.

126.   Denied.

127.   Denied as stated.  By way of further response, Gosse and Solbach did not violate any Vanguard policies in the interaction with Plaintiff.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Defendant admits only that Steven McCord ("McCord") investigated the matter and contacted Plaintiff as part of that investigation.  Defendant denies the remaining allegations in Paragraph 131.

132.   Admitted.

133.   Defendant admits only that McCord investigated the matter and asked Plaintiff for his account.  Defendant denies the remaining allegations in Paragraph 133.

134.   Defendant admits that it has no current knowledge that Plaintiff interfered with the investigation.

135.   Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff learned, and therefore, denies the allegations in Paragraph 135.

136.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 and, therefore, denies the same.

137.   Denied.

138.   Defendant admits only that McCord and Will terminated Plaintiff on March 22, 2022, based on the investigation results.  Defendant denies the remaining allegations in Paragraph 138.

139.   Defendant admits that Plaintiff was terminated for violating Vanguard policies.  Defendant denies the remaining allegations in Paragraph 139.

140.   Defendant admits that Plaintiff was terminated for violating Vanguard policies.  Defendant denies the remaining allegations in Paragraph 140.

141.   Defendant admits that during the termination call, Plaintiff was informed that the investigation determined that Plaintiff violated Vanguard policies. Defendant denies the remaining allegations in Paragraph 141.

142.   The allegations in Paragraph 142 refer to Plaintiff's written requests and Defendant's written response and, therefore, purport to characterize written

documents, the terms of which speak for themselves. As such, Defendant denies the allegations in Paragraph 142 to the extent inconsistent with those documents.

143. The allegations in Paragraph 143 refer to Plaintiff's written requests and Defendant's written response and, therefore, purport to characterize written documents, the terms of which speak for themselves. As such, Defendant denies the allegations in Paragraph 143 to the extent inconsistent with those documents.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

## COUNT I

148. Defendant incorporates by reference its responses to Paragraphs 1–147 as if set forth fully herein.

149. Denied.

150. Defendant denies that Plaintiff is entitled to any recovery and denies the allegations in Paragraphs 150(a) – (e).

151. Denied.

152. Denied.

153. Denied.

**COUNT II**

154.   Defendant incorporates by reference its responses to Paragraph 1–153 as if set forth fully herein.

155.   Denied.

156.   Defendant denies that Plaintiff is entitled to any recovery and denies the allegations in Paragraph 156(a) – (e).

157.   Denied.

158.   Denied.

159.   Denied.

**COUNT III**

160.   Defendant incorporates by reference its responses to Paragraphs 1–159 as if set forth fully herein.

161.   Denied.

162.   Defendant denies that Plaintiff is entitled to any recovery and denies the allegations in Paragraph 162(f) – (j).

163.   Denied.

164.   Denied.

165.   Denied.

**<u>PRAYER FOR RELIEF</u>**

Having denied any liability to Plaintiff, Defendant denies that Plaintiff is entitled to any of the relief he demands in his "Prayer for Relief" Paragraph.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that has not otherwise been specifically admitted herein.

## SEPARATE DEFENSES

1.    Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, to the extent he failed to file them within the applicable statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, to the extent he failed to timely exhaust his administrative, statutory, and/or jurisdictional remedies or prerequisites prior to the commencement of the Complaint.

4.    Vanguard's actions were taken in good faith and based upon legitimate, nondiscriminatory, and non-retaliatory reasons.

5.    Vanguard's actions taken with respect to Plaintiff were based on reasonable factors other than age, gender, or religion.

6.    Vanguard consistently maintained, implemented, and enforced its policies against discrimination, harassment, and retaliation and otherwise exercised reasonable case to prevent and correct promptly any claims of discrimination, harassment, or retaliation.

7.    Plaintiff's claims are barred to the extent that he unreasonably failed to take advantage of preventive and corrective opportunities to avoid harm otherwise.

8.    If any improper, illegal, or discriminatory act was taken by any of Vanguard's employees against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Vanguard's policies, and/or was not ratified, confirmed, or approved by Vanguard.

9.    Plaintiff's damages, if any, were solely and proximately caused by Plaintiff's own negligent, reckless, or intentional conduct.

10.    Plaintiff's damages are barred or diminished to the extent he failed to mitigate or minimize his damages, the existence of which are denied.

11.    To the extent that Plaintiff has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Plaintiff from Vanguard (if any).

12.    Plaintiff's claims fail to the extent that the relief he seeks is not available under the ADEA or Title VII.

13.    Plaintiff's claims for damages are barred to the extent that they exceed the amounts recoverable, if any, by applicable law.

14.    Plaintiff's claims are frivolous, unreasonable, and groundless, and, accordingly, Vanguard should recover all costs and attorneys' fees incurred herein.

## **RESERVATION OF RIGHTS**

Vanguard reserves the right to amend its Answer and Separate Defenses to Plaintiff's Amended Complaint and to raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigation.

WHEREFORE, Vanguard respectfully requests that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded its costs of defense, including reasonable attorneys' fees.

Dated:    May 24, 2023              MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Sarah E. Bouchard*
    Sarah E. Bouchard (PA ID 77088)
    Shannon L.C. Ammon (PA ID 318939)
    Shelby Krafka (PA ID 330654)
    1701 Market Street
    Philadelphia, PA 19103
    Tel: 215.963.5000
    Fax: 215.963.5001
    Email:
    sarah.bouchard@morganlewis.com
    shannon.ammon@morganlewis.com
    shelby.krafka@morganlewis.com

    *Counsel for Defendant The Vanguard Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served upon

the following via ECF notice this 24th day of May 2023:

Patricia Pearce, Esq.
Michael P. Broadhurst, Esq.
Weir Greenblatt Pierce
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
ppierce@wgpllp.com
mbroadhurst@wgpllp.com
*Counsel for Plaintiff*

  */s/ Shelby Krafka*
Shelby Krafka